UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID J. LINDSAY,

        Petitioner,

v.                                      Case No:  2:14-cv-285-FtM-38MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

        Respondents.[1]
_____/

## OPINION AND ORDER[2]

This matter comes before the Court upon an amended petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by David J. Lindsay ("Petitioner") who is presently confined at the South Florida Reception Center in Doral, Florida (Doc. 1, filed May 22, 2014). Petitioner, proceeding *pro se*, attacks the convictions and sentences entered by the Twentieth Judicial Circuit Court in Collier County, Florida for burglary with an assault

---

[1] When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004) (citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

[2] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

or battery and violation of a domestic violence injunction. *Id.* Respondents filed a response to the petition, and Petitioner filed a reply to the response (Doc. 8; Doc. 15).

Petitioner raises nine claims in his petition (Doc. 1 at 6-38). The Court cannot reach the merits of these claims because, as explained below, the pleadings, exhibits, and attachments before the Court establish that the petition should be dismissed as untimely.

## I. Background and Procedural History

On September 18, 2007, Petitioner pleaded no contest to a felony charge of burglary with an assault or battery and a misdemeanor charge of violation of a domestic violence injunction (Ex. 1).[3] He was sentenced to nineteen years in prison on the burglary charge and to one year in the county jail on the injunction violation (Ex. 2). On July 8, 2009, Florida's Second District Court of Appeal *per curiam* affirmed the convictions and sentences (Ex. 3).

On January 28, 2010, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion") (Ex. 4). The motion was denied by the circuit court on April 4, 2011 (Ex. 5). On April 15, 2011, Petitioner filed a motion to disqualify the judge (Ex. 6). The motion was denied on April 27, 2011 (Ex. 7). On April 28, 2011, Petitioner sought rehearing of the order denying his Rule 3.850 motion (Ex. 8). On May 9, 2011 Petitioner filed a motion for rehearing of his motion to disqualify the judge, and an addendum to his motion for rehearing of the order

---

[3] The volumes and exhibits referenced in this case refer to those filed by Respondents on October 7, 2014 (Doc. 10).

denying his motion for post-conviction relief (Ex. 9; Ex. 10). The motions were denied on May 11, 2011 (Ex. 11).

On July 7, 2011, Petitioner filed a second Rule 3.850 motion (Ex. 12). The motion was dismissed as successive on August 19, 2011 (Ex. 13). On August 29, 2011, Petitioner filed a motion for rehearing of the order dismissing his second Rule 3.850 motion (Ex. 14). Petitioner also requested a ruling on his first motion for rehearing which had already been denied on May 11, 2011. *Id.* The circuit court denied rehearing or reconsideration of the second motion for post-conviction relief (Ex. 15).

On October 3, 2011, Petitioner filed a petition alleging ineffective assistance of appellate counsel (Ex. 33). On November 15, 2011, the petition was dismissed as untimely filed (Ex. 34).

On October 13, 2011, Petitioner filed a second motion to hear and rule on his May 5, 2011 motion for rehearing (Ex. 16). The motion was denied on October 25, 2011 (Ex. 17). On August 17, 2012, Florida's Second District Court of Appeal *per curiam* affirmed the denial of Petitioner's first and second Rule 3.850 motions and Petitioner's motions for rehearing (Ex. 23). Mandate issues on October 17, 2012 (Ex. 23).

On March 11, 2013, Petitioner filed a third Rule 3.850 motion for post-conviction relief (Ex. 24 at 17). The motion was dismissed as untimely and successive on April 1, 2013 (Ex. 25). On March 12, 2014, Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 28). Mandate issued on May 22, 2014 (Ex. 32).

The instant petition was filed, pursuant to the mailbox rule, on May 14, 2014.[4]

---

[4] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) the court assumes is the date he signed it. *Washington v. United States*, 243 F.3d 1299, 1301

## II. Analysis

### A. A 28 U.S.C. § 2254 federal habeas corpus petition is subject to a one-year statute of limitation

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply. Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A).

### B. Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)

---

(11th Cir. 2001). The same rule applies in state court. *See Thompson v. State*, 761 So.2d 324, 325 (Fla. 2000) (presuming timeliness where an inmate's legal document would be timely if filed on the date of the certificate of service, shifting the burden to the State to prove otherwise).

- 4 -

Florida's Second District Court of Appeal affirmed Petitioner's convictions and sentences on July 8, 2009 (Ex. 3); *Lindsay v. State*, 16 So. 3d 138 (Fla. 2d DCA 2009), Petitioner's judgment became final ninety days later - when the time to seek review in the United States Supreme Court expired. See *Nix v. Sec'y for the Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004); *Bell v. Maryland*, 378 U.S. 226, 232 (1964) (time period in which a petitioner could file a petition for writ of certiorari to the Supreme Court must be considered in calculating date on which judgment becomes final). Accordingly, Petitioner's judgment became final on October 6, 2009. Petitioner then had through October 6, 2010 to file his federal habeas petition. *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one-year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (citing *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Petitioner's federal habeas petition was signed on May 14, 2014. Therefore, it was filed 1316 days late unless tolling principles apply to render it timely.

**C.     Petitioner's habeas corpus petition is not subject to statutory tolling**

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner filed his Rule 3.850 motion on January 28, 2010 (Ex. 5). At that point, 114 days of his AEDPA limitations period had lapsed, and Petitioner had 251 remaining days in which to file a federal habeas petition. The appellate court entered its mandate affirming the denial of Petitioner's first and second Rule 3.850 motions on October 17,

2012 (Ex. 23), giving Petitioner through June 25, 2013 to timely file a federal habeas petition.

Petitioner filed a third Rule 3.850 motion on March 11, 2013 (Ex. 24 at 17). This motion was dismissed by the state court as untimely and successive on April 1, 2013 (Ex. 25). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the United States Supreme Court recognized that a state's filing deadline is a filing condition. The Court explained:

> [W]e are guided by the 'common usage' and 'common understanding' of the phrase 'properly filed.' In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Pace*, 544 U.S. at 412 (citing *Artuz v. Bennett*, 531 U.S. 4, 11 (2000)). Under this reasoning, Petitioner's third Rule 3.850 motion did not operate to statutorily toll the AEDPA statute of limitation because it was not properly filed. *See Sweet v. Sec'y, Dept. of Corr.*, 467 F.3d 1311 (11th Cir. 2006). Petitioner filed his first federal habeas petition on May 14, 2014, 574 days after the ruling on his first two Rule 3.850 motions became final. (Doc. 1). Therefore, Petitioner's federal habeas petition was filed 223 days late, and he is not entitled to statutory tolling.

Petitioner argues in his reply that on February 11, 2013, he filed a petition for a writ of mandamus in Florida's Second District Court of Appeal to compel the post-conviction court to vacate its orders denying his Rule 3.850 motions and to rule in his favor (Doc. 15 at 2). Presumably, Petitioner believes that this writ operated to toll the AEDPA statute

of limitation. Florida law is clear that mandamus relief is not available to remedy alleged errors in a criminal case where, as here, the avenues of direct appeal and motions for post-conviction relief provide an adequate remedy. *See Hastings v. Krischer*, 840 So. 2d 267, 271 (Fla. 4th DCA 2003). Under this reasoning, the mandamus petition was not properly filed under Florida law. However, the Court recognizes that whether an application is "properly filed" under the AEDPA is distinct from whether an application's claims are meritorious or procedurally barred. *Artuz*, 531 U.S. at 9; *see also Harris v. Dir., Va. Dep't of Corr.*, 282 F. App'x 239, 243 (4th Cir. 2008) (tolling the AEDPA statute of limitation where mandamus petition sought to challenge validity of judgment and complied with applicable laws regarding filing).[5] Therefore, in an abundance of caution, the Court reviewed the website for Florida's Second District Court of Appeal to evaluate whether the instant § 2254 petition would be timely if Petitioner's state petition for writ for mandamus operated to toll the AEDPA statute of limitation. Petitioner's mandamus petition was filed on February 15, 2013, denied on March 1, 2013, and the case closed on June 7, 2013. *See* www.2dca.org (Case number 2D13-737). Even were the Court to afford Petitioner the full 116 days of tolling credit (between February 11, 2013 and June 7, 2013), his instant 28 U.S.C. § 2254 petition would still be 117 days late.

**D.     Petitioner's habeas corpus petition is not subject to equitable tolling**

The Eleventh Circuit has held that "the AEDPA's statute of limitations may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Knight v. Schofield*,

---

[5] The Court does not have in its possession Petitioner's mandamus petition or the Second DCA's order denying it. Accordingly, the Court is unaware of the precise issues raised in the petition f or why it was denied by the state court.

292 F.3d 709, 711 (11th Cir. 2002) (internal quotation marks omitted).  "Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005). "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." *Id.*

Petitioner argues that he is entitled to equitable tolling because the state court erred by failing to grant his first and second Rule 3.850 petitions (Doc. 15 at 2-3). Petitioner has presented no support for his argument that the state court's alleged errors should equitably toll the AEDPA statute of limitation.  The denial of a state petition for post-conviction relief is not "extraordinary."  Further, it is axiomatic that every federal habeas petitioner believes that the state post-conviction court incorrectly denied relief on his or her claims; therefore, to grant equitable tolling every time a Petitioner asserts such would render the AEDPA's one-year statute of limitation meaningless.

Moreover, Petitioner has not demonstrated diligence in timely filing the instant petition.  Petitioner filed his third Rule 3.850 motion on March 11, 2013, and it was dismissed as untimely and successive by the state post-conviction court on April 1, 2013 (Ex. 24; Ex. 25).  At that point, Petitioner still had over two and a half months to timely file a federal 28 U.S.C. § 2254 habeas petition.  However, he waited more than a year before doing so.  That Petitioner may have subjectively believed he would succeed in having the state post-conviction court consider the merits of his third Rule 3.850 motion or that the untimely motion tolled the federal limitations period does not excuse his tardiness in filing the instant petition.  The Eleventh Circuit has recognized that "confusion or ignorance about the law" is not an excuse for failure to file a timely habeas

petition. *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013); *Outler v. United States,* 485 F.3d 1273, 1283 n. 4 (11th Cir. 2007) ("[P]ro se litigants, like all others, are deemed to know of the one-year statute of limitations.").

Petitioner has presented no evidence that he was the victim of "extraordinary circumstances that [were] both beyond his control and unavoidable even with diligence," and thus, he does not qualify for equitable relief. *Knight*, 292 F.3d at 711. Nor has Petitioner exercised the level of diligence required to show the "rare and exceptional circumstances" that qualify a petitioner for equitable tolling. *See Lawrence*, 421 F.3d at 1226.

Based on the foregoing, the Court concludes that Petitioner is not entitled to statutory or equitable tolling. This petition is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

### III.   Certificate of Appealability[6]

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v.*

---

[6] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Id.*  As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

*McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted).  Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Florida Attorney General is **DISMISSED** from this action as a named Respondent.

2. The petition for writ of habeas corpus filed by David J. Lindsay is **DISMISSED WITH PREJUDICE** as time-barred.

3. Petitioner is **DENIED** a Certificate of Appealability.

4. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of August, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: David J. Lindsay
Counsel of Record